UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 13

ROBERT FELDMAN,                                                 Case No. 17-40152-cec
                              Debtor.
------------------------------------------------------------x
DONALD GLASSMAN
                                                                Adv. Pro. No. 17-01050-cec
                              Plaintiff,

v.

ROBERT FELDMAN,

                              Defendant.
------------------------------------------------------------x

### DECISION DENYING DEBTOR'S MOTION TO RECONSIDER AND DENYING PLAINTIFF'S REQUESTS FOR ADDITIONAL SANCTIONS

APPEARANCES:

    Steven A. Soulios, Esq.
    Ruta, Suoilos, & Stratis LLP
    370 Lexington Avenue, 24th Floor
    New York, NY 10017
    *Counsel for the Plaintiff*

    Robert Feldman
    P.O. Box 5380
    Fire Island Pines Post Office
    Fire Island, NY 11782
    *Debtor/Defendant*

    Barry R. Levine
    100 Cummings Center, Suite 327G
    Beverly, MA 01915
    *Counsel for the Debtor/Defendant*

    Steven D. Hamburg
    2736 Independence Avenue, Suite 1H
    Bronx, NY 10463
    *Former Counsel for the Debtor*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

Before the Court is a motion for reconsideration filed by Robert Feldman (the "Debtor"); two motions filed by Donald Glassman ("Glassman"), a creditor of the Debtor, seeking sanctions against the Debtor and the Debtor's former counsel, Steven D. Hamburg ("Hamburg"); and Glassman's application for an order striking and sealing the Debtor's motion for reconsideration.

On February 26, 2019, this Court issued a decision (the "Decision") granting, in part, Glassman's motion for sanctions (the "First Request for Sanctions"). (Decision, ECF No. 119.) For the reasons set forth in the Decision, an order (the "Order") was entered on February 26, 2019 (i) dismissing the Debtor's Chapter 13 case with prejudice pursuant to 11 U.S.C. §§ 105 and 1307; (ii) directing entry of a judgment in the amount of $15,953.20 against the Debtor, and in favor of Glassman, pursuant to Federal Rule of Bankruptcy Procedure 7037; and (iii) retaining jurisdiction to determine whether, upon Glassman's motion dated December 18, 2018 (the "Second Request for Sanctions"), and the order to show cause entered on February 11, 2019, additional sanctions, including reimbursement of Glassman's attorney's fees and costs in the requested amount of $12,458.40, should be imposed against the Debtor and/or Hamburg. (Order, ECF No. 120.)[1]

Glassman seeks sanctions against the Debtor and Hamburg "for engaging in frivolous, harassing and abusive conduct" in post-trial filings. (Glassman Reply 11, ECF No. 124.) Glassman contends the Debtor's post-trial filings were unauthorized, irrelevant, and contain privileged communications, and scandalous, defamatory and malicious allegations. (Mot. to Strike/Seal, ECF No. 105.)

On March 12, 2019, together with his opposition to Glassman's requests for additional sanctions, the Debtor, *pro se*, filed a motion seeking reconsideration of the Order, to the extent it

---

[1] Unless otherwise indicated, all references to "ECF No." are to documents identified by docket entry, filed in Case No. 17-40152-cec. All statutory references are to Title 11, U.S.C., unless otherwise indicated.

required him to reimburse Glassman fees and costs in the amount of $15,953.20 (the "Motion to Reconsider"). (Mot. to Reconsider, Adv. Pro. No. 17-01050-cec, ECF No. 61.) On March 19, 2019, Glassman filed opposition, seeking entry of an order denying, striking and sealing the Motion to Reconsider (the "Second Motion to Strike and Seal"), and, additionally, seeking further sanctions against the Debtor, and attorney's fees and costs (the "Third Request for Sanctions"). (Glassman Reply, ECF No. 124.) By his Second and Third Requests for Sanctions, Glassman seeks a total award of attorney's fees and costs in the amount of $25,714.75. (Id. at 11, Exs. E–G.)

For the following reasons, the Debtor's Motion to Reconsider is denied, Glassman's requests for sanctions are denied, and Glassman's Second Motion to Strike and Seal is denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by Order dated December 5, 2012.

## BACKGROUND

The Debtor is a lawyer, and Glassman, his former client, commenced an action in state court against him asserting various claims, including legal malpractice and defamation (the "State Court Action"). The Debtor filed this bankruptcy case to stay the State Court Action.

### A.  Procedural History

The Debtor filed this case on January 13, 2017. (Pet., ECF No. 1.) On February 18, 2017, and amended on April 14, 2017, Glassman filed a claim in the Debtor's bankruptcy case in

the amount of $31,030,000, based upon the claims asserted in the State Court Action.  (See Claim No. 2-2.)  On March 9, 2017, Glassman filed a "notice of motion to dismiss the petition for cause pursuant to 11 U.S.C. § 1307(c)," (the "Motion to Dismiss"), alleging that

> the Petition was not filed to obtain protection from the Debtor's creditors, but rather for the sole, improper purpose of securing an automatic stay of [Glassman's] civil actions for legal malpractice, defamation, and several other causes of action against the Debtor . . . which had been scheduled to go to trial on January 18, 2017.

(Mot. to Dismiss, ECF No. 20).  On April 17, 2017, Glassman commenced an adversary proceeding against the Debtor, seeking a determination that his claim is nondischargeable under § 523(a)(2) and (4).  (Compl. 1, ECF No. 32.)

The Debtor's refusal to fully participate in discovery, and his failure to comply with the Court's discovery orders, prompted Glassman to file, by motion dated May 9, 2018, his First Request for Sanctions, seeking dismissal of the Debtor's bankruptcy case with prejudice as well as monetary sanctions, including reimbursement of his attorney's fees and costs in the amount of $61,841.  (Dismissal and Sanctions Mot., ECF No. 60; Suppl. Mem. in Supp. 15, ECF No. 76.) A trial was held on May 30, 2018, focusing on whether the Court should dismiss the Debtor's case with prejudice, and to determine whether sanctions were appropriate.  (See 3/30/18 Tr., ECF No. 117.)[2]

After trial, two orders entered on May 30, 2018 (the "Scheduling Orders"), directing the filing of post-trial submissions.  Glassman was directed to "file and serve a memorandum of law addressing the grounds on which he seeks to have the Chapter 13 petition dismissed with prejudice," (Sched. Order, ECF No. 69); and Glassman's counsel, Steven A. Soulios ("Soulios"),

---

[2] By Order dated February 11, 2019, approximately one page of the May 30, 2018 trial transcript was stricken from the record and sealed.  (OSC, ECF No. 115.)  All references to "3/30/18 Tr." are to the redacted trial transcript. (ECF No. 117.)  References to the transcript of the January 15, 2019 and March 21, 2019 hearings are identified as "1/15/19 Tr." and "3/21/19 Tr."  (respectively, ECF Nos. 110 and 128.)

was directed to "file and serve his time records, which shall … be accompanied by an affirmation identifying which entries relate to work for which Plaintiff seeks compensation, and specifies how each identified entry relates to such work." (Sched. Order, ECF No 70.) The Scheduling Orders further set deadlines for any responsive filings by the Debtor to these submissions (Glassman's "Post-Trial Brief"). (Id.)

On June 15, 2018, Glassman filed his Post-Trial Brief. (Glassman Post-Trial Brief, ECF No. 76.) On June 27, 2018, Hamburg, on behalf of the Debtor, filed an affirmation in opposition (the "Hamburg Post-Trial Affirmation"), (ECF No. 80 (stricken and sealed), redacted at ECF No. 116), and on July 3, 2018, Hamburg filed a letter purportedly supplementing the Hamburg Post-Trial Affirmation (the "Post-Trial Letter,"). (Suppl. Ltr. (stricken and sealed), ECF No. 83.) The Scheduling Orders delineate the issues to be addressed by the parties in their respective post-trial filings, parameters which the Hamburg Post-Trial Affirmation entirely disregards. Moreover, the Hamburg Post-Trial Affirmation does not include a statement under penalty of perjury by the Debtor, contains allegations irrelevant to the issues before the Court, and conflicts materially with the Debtor's testimony at trial. (See Hamburg Post-Trial Aff., ECF No. 116.)

On June 20, 2018, Hamburg was suspended from the practice of law in New York for eighteen months, commencing on that date, and on June 22, 2018, the United States District Court for the Eastern District of New York entered an order, effective 24 days after the date of service upon Hamburg, suspending him from practice in this district. In re Hamburg, No. 1:18-mc-01710 (AMD) (E.D.N.Y. June 22, 2018), ECF No. 2. Hamburg's suspension is for reasons unrelated to his representation of the Debtor. Id., ECF No. 1. Although the trial of this matter and the post-trial briefing concluded before the effective date of Hamburg's suspension from practice in this district, an Order was entered on August 20, 2018 staying this case and adversary

proceeding, and directing any replacement counsel for the Debtor to file a notice of appearance.

(Order Staying Case, ECF No. 90.)  On October 15, 2018, Barry R. Levine ("Levine") made a

motion to appear *pro hac vice* on behalf of the Debtor, which was granted.  (*Pro Hac Vice* Order,

ECF No. 101.)

## B.  <u>The Motion to Strike and Seal and Glassman's Second Request for Sanctions</u>

On December 19, 2018, Glassman filed a motion (the "Motion to Strike and Seal") for an

order striking and sealing (i) thirteen paragraphs contained in the Hamburg Post-Trial

Affirmation and Exhibit I attached thereto; (ii) the Post-Trial Letter; and (iii) certain testimony

proffered by the Debtor during the May 30, 2018 hearing.  (Mot. to Strike/Seal, ECF No. 105.)

Additionally, the Motion to Strike and Seal includes Glassman's Second Request for Sanctions,

which seeks reimbursement of attorney's fees and costs because, according to Glassman,

> [a]s a result of the filing of the frivolous Hamburg Affirm. dated June 27, 2018
> (Doc.#80), Exhibit I thereto, and the July 3, 2018 letter containing a knowingly
> false and defamatory allegation, Glassman has incurred an additional $12,458.40
> in attorney's fees.

(Id. at ¶ 32, ECF No. 105.)   The Second Request for Sanctions seeks attorney's fees and costs

incurred during the post-trial period of June 27, 2018 to December 14, 2018.  (Mot. to

Strike/Seal at Ex. C (Invoices), ECF No. 105-4.)

Glassman argues that pursuant to § 105, Federal Rule of Bankruptcy Procedure (the

"Bankruptcy Rule(s)") 9011, and this Court's inherent powers, the Debtor and Hamburg should

be sanctioned for several reasons, including: (i) because they filed baseless papers without

performing a reasonable inquiry into the accuracy and truthfulness of the allegations, (Mot. to

Strike/Seal at ¶ 15, ECF No. 105); (ii) because certain statements made by the Debtor at trial and

by Hamburg in post-trial submissions were "immaterial, impertinent, scandalous and irrelevant"

and "patently false," (id. at ¶ 17); and (iii) because the filings disclosed "attorney-client

communications in which Glassman never waived his privilege, all of which were not only

scandalous, immaterial, and impertinent to the Contempt Motion, but were made after the trial

and hearing held on May 30 2018 (and the record closed), evincing a clear intent to abuse and

harass Glassman." (Id. at ¶ 24.)

On January 15, 2019, a hearing was held on the Motion to Strike and Seal and

Glassman's Second Request for Sanctions, at which Glassman, Soulios, and the Debtor

appeared, but Hamburg failed to appear.[3]  At the hearing, the Debtor consented to sealing and

striking the portions of the record which were the subject of Glassman's Motion to Strike and

Seal.  (See 1/15/19 Tr. 7:3–10, ECF No. 110; 3/21/19 Tr. 28:14–17, ECF No. 128.)

By Order entered on February 11, 2019 (the "Order to Show Cause"), the Court granted

the Motion to Strike and Seal, pursuant to §§ 105 and 107(b)(2), and directed Soulios to file

redacted versions of the documents in question.  (OSC, ECF No. 115.)  Additionally, the Order

to Show Cause directed the Debtor and Hamburg to appear on March 21, 2019 (the "March 21

OSC Hearing") and show cause why they should not be required to pay Glassman's attorney's

fees, pursuant to § 105(a) and Bankruptcy Rule 9011, for filing documents in this case for an

improper purpose and that were frivolous and irrelevant to the legal issues before the Court.  (Id.)

## C. **Debtor's Motion for Reconsideration; Glassman's Second Motion to Strike and Seal; and Glassman's Third Request for Sanctions**

On February 26, 2019, the Decision (ECF No. 119), the Order (ECF No. 120), and a

---

[3] On January 11, 2019, the Debtor, by Levine, filed (i) a motion seeking an adjournment of the January 15, 2019 return date of Glassman's Motion to Strike and Seal, (ECF No. 108); (ii) a motion to compel Hamburg to turn over the Debtor's file (ECF No. 109); and (iii) a motion to withdraw as counsel (ECF No. 107) (collectively the "January 11 Motions").  The January 11 Motions were deficient in that they were not accompanied by a notice of motion, did not fix a return date, and failed to attach proof of service, in accordance with the United States Bankruptcy Code, the Bankruptcy Rules, and the E.D.N.Y. Local Bankruptcy Rules.

In addition, after the hearing on January 15, 2019, the Debtor, by Levine, filed a motion to dismiss his chapter 13 bankruptcy case.  (Debtor Mot. to Dismiss, ECF No. 111.)  The Order dismissing the Debtor's chapter 13 case with prejudice, entered on February 26, 2019, rendered the Debtor's motion to dismiss moot.

Judgment (ECF No. 56, Adv. Pro. No. 17-1050-cec), were entered, granting, in part, Glassman's

First Request for Sanctions, dismissing the Debtor's Chapter 13 case with prejudice, and

imposing monetary sanctions in the amount of $15,953.20, representing Glassman's fees and

expenses that were caused by the Debtor's failure to comply with the Court's discovery orders.

On March 12, 2019, the Debtor, *pro se*, filed the Motion to Reconsider, opposing

Glassman's Second Request for Sanctions and seeking "reconsideration of the judgment for legal

fees and sanctions." (Mot. to Reconsider, Adv. Pro. No. 17-01050-cec, ECF No. 61.) Levine

filed an affidavit, purportedly as the Debtor's "former counsel," in support of the Motion to

Reconsider on March 13, 2019 (the "Levine Affidavit"). (Levine Aff., Adv. Pro. No. 17-01050-

cec, ECF No. 62.) In his opposition to the Motion to Reconsider, filed on March 19, 2019,

Glassman makes his Third Request for Sanctions and, in addition, seeks an order denying,

striking, and sealing the Motion to Reconsider (the "Second Motion to Strike and Seal").

(Glassman Reply, ECF No. 124.) Glassman's Third Request for Sanctions incorporates his

Second Request for $12,458.40, and seeks additional fees and costs for the period January 10,

2019 to March 21, 2019. In total, Glassman seeks reimbursement of attorney's fees and costs in

the amount of $25,714.75. (Id. at 11, Exs. E–G.) Additionally, Glassman requests that the

Court sanction the Debtor for filing the Motion to Reconsider, stating,

> Feldman's latest filing, which once again contains wholly impertinent and
> scandalous allegations (including false factual allegations pertaining to the state
> court litigation between the parties) that have no bearing whatsoever on the
> limited issue before the Court, represents a further, brazen disregard of the
> Court's directives and rulings made at the January 15 hearing, as well as the
> ensuing orders dated February 11, 2019 (sealing and striking) and February 26,
> 2019 (dismissing with prejudice for bad faith and awarding sanctions).

(Id. at 4 (footnote omitted).)

DISCUSSION

## A.    Motion to Reconsider

The Debtor requests that the Court reconsider the $15,953.20 in sanctions imposed

against him by the Order entered on February 26, 2019.  (Mot. to Reconsider, Adv. Pro. No. 17-

01050-cec, ECF No. 61.)  Because the Motion to Reconsider was filed fourteen days after entry

of the Order, it must be reviewed under Bankruptcy Rule 9023, which incorporates Rule 59 of

the Federal Rules of Civil Procedure ("FRCP"), and permits a party to make a motion "to alter or

amend a judgment."  Fed. R. Civ. P. 59(e); see Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37,

41 (2d Cir.1982) ("where a post-judgment motion is timely filed and 'calls into question the

correctness of that judgment it should be treated as a motion under Rule 59(e), however it may

be formally styled.'") (citations omitted).[4]

Reconsideration should not be granted "unless the moving party can point to controlling

decisions or data that the court overlooked—matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d

255, 257 (2d Cir. 1995).  The Second Circuit has held that "[t]he major grounds justifying

reconsideration are an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways, Ltd. v. Nat'l

Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotations and citation omitted);

Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983).  FRCP 59 "is

strictly construed to avoid repetitive arguments on issues that the court has already fully

considered."  Gen. Vision Servs. v. Richard A. Eisner & Co., LLC (In re Gen. Vision Servs.,

---

[4] The Debtor has paid Glassman $15,953.20.  (See Partial Sat. of J., Adv. Pro. No. 17-01050-cec, ECF No. 67.)
Glassman filed a partial satisfaction of the Judgment because as the Debtor's payment failed to include $110.34 in
interest that accrued from February 26, 2019 to June 5, 2019, the payment date.  (Id.)

8

Inc.), 352 B.R. 25, 28 (Bankr. S.D.N.Y. 2006). Whether to grant or deny a motion to alter or

amend a judgment is within the court's discretion. In re Enron Creditors Recovery Corp., 378

B.R. 54, 57 (Bankr. S.D.N.Y. 2007).

In the Motion to Reconsider, the Debtor has pointed to no facts or law which were

overlooked by the Court in imposing the sanction against him, or any other basis for

reconsideration. (See Mot. to Reconsider at 3, Adv. Pro. No. 17-01050-cec, ECF No. 67).

The Debtor contends that Hamburg is at fault for the Debtor's failure to comply with the

Court's discovery orders. The same argument was advanced by the Debtor at trial, and rejected

by the Court. (Compare 5/30 Tr. 32:16 ("Every document that was requested, I gave it the

person that requested it. … I gave everything that Mr. Hamburg requested [from] me."); with

Mot. to Reconsider at 3, Adv. Pro. No. 17-01050-cec, ECF No. 67 ("During the Chapter 13 case,

I provided Mr. Hamburg with all the financial documents that he told me to give him[,] I did not

know that he hadn't turned them over to Mr. Glassman's attorneys as required."); see Decision at

14, ECF No. 119 ("The conduct of the Debtor, who is a lawyer, is all the more egregious in light

of his efforts to blame his attorney for his failure to comply with these obligations."); id. at 15

("The Debtor's attempt to escape responsibility for the material misstatements and omissions in

his Schedules and Statements of Financial Affairs by blaming his lawyer must be rejected."); id.

at 18–19 ("[The Debtor] repeatedly attempted to excuse his conduct by blaming his attorney.

This attempt to shift blame for his conduct reflects bad faith, and is contradicted by his

testimony.").)

The Court previously considered and rejected the Debtor's attempts to shift blame to

Hamburg. It is "well-settled that Rule 59 is not a vehicle for relitigating old issues." See

Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012).   The Motion to Reconsider must be denied.

**B.    Sanctions**

Glassman requests that sanctions, pursuant to Bankruptcy Rule 9011, § 105, and the Court's inherent powers, be imposed against the Debtor and Hamburg as a result of the filing of the Hamburg Post-Trial Affirmation, Exhibit I attached thereto, and the Post-Trial Letter (collectively "Hamburg's Post-Trial Filings"), all of which were filed by Hamburg, and all of which have been stricken from the record and sealed pursuant to §§ 105 and 107(b)(2). Glassman additionally seeks sanctions against the Debtor based upon the Motion to Reconsider (together with Hamburg's Post-Trial Filings, the "Post-Trial Filings"), which, according to Glassman is replete with "wholly impertinent, scandalous and malicious allegations."  (Glassman Reply at 2, ECF No. 124.)  By way of sanctions, Glassman seeks reimbursement of attorney's fees and costs which he contends he incurred because of the Post-Trial Filings.

Glassman and Feldman have known each other for many years and share an extensive litigation history.  In 2008, Glassman filed a complaint with the Grievance Committee for the First Judicial Department against the Debtor (the "Disciplinary Complaint").   Exhibit I annexed to Hamburg's Post-Trial Affirmation includes copies of documents submitted to the Grievance Committee.  In addition to the Disciplinary Complaint, and the decision rendered by the Disciplinary Committee, included in Exhibit I are motions, pleadings, correspondence, and other documents that relate to the underlying case in which the Debtor represented Glassman.

The thirteen paragraphs in the Hamburg Post-Trial Affirmation, which are also at issue in Glassman's Second Request for Sanctions, contain Hamburg's recitation of the circumstances surrounding the Debtor's representation of Glassman, details of the case for which Glassman

retained the Debtor, and describe what has transpired, and certain conflicts that have occurred,

between the Debtor and Glassman subsequent to the Debtor's representation of Glassman.

Where sanctions are being sought under "multiple provisions, 'separate consideration of

the available sanctions machinery is not only warranted, but necessary for meaningful review.'"

Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 96–97 (2d Cir. 1997) (quoting United States v. Intern.

Bhd. of Teamsters, 948 F.2d 1338, 1345–46 (2d Cir.1991)).  This decision will address in turn

each authority pursuant to which Glassman seeks sanctions.

### 1. *Bankruptcy Rule 9011*

Bankruptcy Rule 9011(c)(1)(A) provides that a motion for sanctions pursuant to

Bankruptcy Rule 9011 "may not be filed with or presented to the court unless, within 21 days

after service of the motion (or such other period as the court may prescribe), the challenged

paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately

corrected ...."  Fed. R. Bankr. P. 9011(c)(1)(A).  Compliance with the safe harbor is a necessary

precondition to the imposition of Bankruptcy Rule 9011 sanctions.  Hadges v. Yonkers Racing

Corp., 48 F.3d 1320, 1328 (2d Cir. 1995).  As this Court recently noted,

> [C]ourts interpret the safe harbor provision as "a strict procedural requirement"
> and the failure of the party requesting sanctions to serve a copy of the sanctions
> motion on the opposing party at least twenty-one days prior to filing the motion
> with the court will, in and of itself, preclude the imposition of sanctions under
> Bankruptcy Rule 9011.

In re Resciniti, No. 8-16-70669-LAS, 2019 WL 1451278, at *1 (Bankr. E.D.N.Y. Mar. 29, 2019)

(quoting Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, 682 F.3d 170,

175 (2d Cir. 2012)); accord Narumanchi v. Abdelsayed (In re Narumanchi ), 471 B.R. 35, 42 (D.

Conn. 2012) ("Courts in this circuit have frequently denied motions for sanctions in the

bankruptcy context because the movant failed to comply with the safe harbor requirements of Rule 9011(c).").

Glassman did not comply with the safe harbor provision and therefore the Debtor nor Hamburg can be sanctioned under Bankruptcy Rule 9011.  Notably, the Debtor consented to striking and sealing Hamburg's Post-Trial Filings at the first hearing held after Glassman filed his Second Request for Sanctions.  Had the Debtor been given the opportunity, it is possible he would have offered his consent to seal the portions of the record to which Glassman objected, without the need for judicial intervention and the accrual of additional legal fees for which Glassman now seeks reimbursement.

### 2. *28 U.S.C § 1927*

Sanctions pursuant to 28 U.S.C. § 1927 cannot be imposed against the Debtor or Hamburg.  A party represented by counsel, even if the party is an attorney, is not subject to sanctions under 28 U.S.C. § 1927.  See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 297 (3d Cir. 1996); McKool v. Travelers Indem. Co., No. 3:09-CV-1435-L, 2009 WL 3914769, at *1 (N.D. Tex. Nov. 18, 2009).  Because Hamburg represented the Debtor at the time Hamburg's Post-Trial Filings were filed, sanctions pursuant to 28 U.S.C § 1927 are not available against the Debtor.

Moreover, Glassman's Second Request for Sanctions fails to seek relief pursuant to 28 U.S.C. § 1927.  (See Mot. to Strike/Seal at p. iii, ECF No. 105; OSC, ECF No. 115; Glassman Reply, ECF No. 124.)  To comply with due process, "[a]n attorney must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges."  Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 97 (2d Cir. 1997) (vacating

an award of sanctions under 28 U.S.C. § 1927 because the motion for sanctions only discussed

Rule 11).  As noted by the Second Circuit,

> The purpose of particularized notice is to put counsel "on notice as to the particular factors that he must address if he is to avoid sanctions." [Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1357 (3d Cir.1990)].  If Rule 11 and § 1927 sanctions were identical in all respects, "particularized notice as to one sanction would arguably suffice to fully inform [counsel] as to the pendency of the other sanction." Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1225 (3d Cir.1995) (FE & B).  But those two sections are not identical.

Id. at 96.  Glassman's failure to notify Hamburg that he sought sanctions under 28 U.S.C. §

1927, precludes an award under that statute.

The Debtor filed the Motion to Reconsider *pro se*, and, as a result, could be subject to 28

U.S.C. § 1927 sanctions with respect to that filing.  However, as with the Second Request for

Sanctions, Glassman failed to provide notice to the Debtor of his intention to rely on 28 U.S.C. §

1927.  (See Glassman Reply 11, ECF No. 124.)

As explained below, even if the Debtor and Hamburg had been provided sufficient

notice, the record does not support a finding that the Post-Trial Filings were filed for an improper

purpose, as required to impose 28 U.S.C. §1927 sanctions.  (See In re Smith, No. 09-CV-2563,

2011 E.D.N.Y. WL 222146 at *3 (E.D.N.Y. Jan. 21, 2011) (explaining that where sanctions were

a "close call" the court declined to sanction under 28 U.S.C. 1927 where it could not "state with

certainty that Appellants acted in bad faith").

### *3.  11 U.S.C. § 105 and the Court's Inherent Authority*

a.  Legal Standard

Sanctions imposed pursuant to § 105 and the Court's inherent power, like sanctions under

28 U.S.C. § 1927, require a "specific finding of bad faith."  Oliveri v. Thompson, 803 F.2d 1265,

1273 (2d Cir. 1986) ("[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power.").

   "Bankruptcy courts have the inherent authority to sanction parties before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Motherway v, Cuccio (In re Cartisano)</u>, No. 8-18-70703-REG, 2019 WL 1028497, at *6 (Bankr. E.D.N.Y. Mar. 4, 2019) (citing <u>Desiderio v. Parikh (In re Parikh)</u>, 508 B.R. 572, 597 (Bankr. E.D.N.Y. 2014); <u>cf.</u> Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258–59 (1975).  In the Second Circuit,

> inherent power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes. <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110, 114 (2d Cir. 2009); <u>Sierra Club v. U.S. Army Corps of Eng'rs</u>, 776 F.2d 383, 390 (2d Cir. 1985) ("The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice.").

<u>Parikh</u>, 508 B.R. 572 at 597.  Section 105, which permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," similiarly requires a showing of bad faith as a prerequisite to the imposition of sanctions.  See <u>In re Negosh</u>, 06–CV–5617 (JS), 2007 WL 2445158 at *10 (E.D.N.Y.2007) ("In imposing sanctions pursuant to Section 105(a), courts have required a showing of bad faith similar to that required in imposing sanctions under the court's inherent power.").

   The Post-Trial Filings do not rise to the level required for a finding of bad faith on the part of Hamburg, who filed the documents.  "A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, 564 F.3d 110, 114 (2d Cir. 2009).  It is clear that the allegations contained in the Hamburg Post-Trial Affirmation exceeded the parameters set by the Scheduling Orders, and were not relevant to the to the matters before

the Court.  However, to impose sanctions against Hamburg, the Court must additionally find that they were filed for an improper purpose.

      b.  <u>Improper Purpose</u>

     To impose sanctions against the Debtor or Hamburg, the Court must find that the Post-Trial Filings were "motivated by improper purposes such as harassment or delay." <u>Eisemann v. Greene</u>, 204 F.3d 393, 395–96 (2d Cir. 2000) (citations omitted).

     The vast majority of the facts contained in the Post-Trial Filings and attachments are already part the public record.  <u>See</u> Opinion and Order, <u>Glassman v. The City of New York et al</u>, 1:10-cv-02468-SHS-DCF, ECF No. 49 (E.D.N.Y., Jan. 3, 2013); Decision and Order, <u>Glassman v. Feldman</u>, No. 102988/2012, ECF No. 14 (N.Y. Sup. Ct., N.Y. Cnty, Oct. 12, 2012).  Where information is derived from public documents, it "can hardly be characterized as confidential, scandalous or defamatory."  <u>In re Overmyer</u>, 24 B.R. 437, 442 (Bankr. S.D.N.Y. 1982); <u>accord U.S. v. Continental Airlines, Inc. (In re Continental Airlines)</u>, 150 B.R. 334, 339 (D. Del. 1993); <u>see also</u> <u>In re Food Mgmt. Grp., LLC</u>, 359 B.R. 543, 565 (Bankr. S.D.N.Y. 2007) (permitting filing on public record because "the facts on which the Trustee bases the allegations in the adversary complaint are already part the public record, or were obtained as a result of the voluntary turnover of files…").

     Moreover, the Court has broad discretion fashioning orders pursuant to § 107(b).  <u>See</u> <u>In re Borders Grp., Inc.</u>, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011); <u>see also</u> William T. Bodoh and Michelle M. Morgan, <u>Protective Orders in the Bankruptcy Court: Congressional Mandate of Bankruptcy Code Section 107 and Its Constitutional Implications</u>, 24 Hastings Const. L.Q. 67, 93 (1996) (explaining that § 107(b) provides court "myriad of options in fashioning an appropriate remedy.").  Here, Glassman was awarded relief pursuant to § 107(b), as the

documents subject to Glassman's Motion to Strike and Seal were sealed, on consent, at the first

return date of Glassman's motion.  The appropriate remedy, if any, has already been ordered. <u>See</u>

<u>In re Carter</u>, No. 09-03458-TOM13, 2009 WL 3425828, at *4 (Bankr. N.D. Ala. Oct. 23, 2009)

(noting that, as the documents had been sealed, any sanctions, pursuant to § 105 and/or the

Court's inherent powers, are only "appropriate where a party acted deliberately, knowingly

'flaunted the law' and 'failed to take remedial action' upon discovery of the violation." (citations

omitted)).

Furthermore, the Post-Trial Filings were not filed to, and did not, delay this case.  Any

delay of these proceedings resulted from Hamburg's suspension, and the stay imposed for the

Debtor to retain replacement counsel.

Glassman's Second and Third Requests for Sanctions must therefore be denied.  For the

same reasons, and because Glassman has failed to show that the Motion to Reconsider contains

"scandalous or defamatory material," pursuant to § 107(b)(2), the Second Motion to Strike/Seal

must also be denied.

In sum, though the Post-Trial Filings were unauthorized and irrelevant, the record does

not permit a specific, clear finding of bad faith.

c.  <u>Privilege</u>

Without determining whether any of the emails attached to the Hamburg Post-Trial

Affirmation contain privileged communications between the Debtor and Glassman, as alleged by

Glassman, the Court notes that, (i) on consent, these communications were sealed and stricken

from the record; and (ii) the record fails to establish that Hamburg filed the emails for an

improper purpose.  Because there is no improper purpose finding, "[t]he proper forum to address

violations of the Rules of Professional Conduct is a federal or state bar disciplinary proceeding."

<u>Pullman v. Alpha Media Pub., Inc.</u>, No. 12 CIV. 1924 PAC JCF, 2012 WL 3114939, at *5 (S.D.N.Y. July 31, 2012).

    d.  <u>Discretion of the Court</u>

"Federal Courts have broad discretion to fashion remedies as equity requires." <u>Cordius Tr. v. Kummerfeld Assocs., Inc.</u>, 658 F. Supp. 2d 512, 524 (S.D.N.Y. 2009). Because of their very potency, inherent powers must be exercised with restraint and discretion. <u>See</u> <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 764, (1980). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44–45 (1991).

Exercising this discretion, the Court concludes that the sanctions previously imposed against the Debtor in this case are sufficiently tailored to deter future wrongdoing.

<u>CONCLUSION</u>

For the reasons set forth above, the Debtor's Motion to Reconsider is denied, Glassman's Second and Third Requests for Sanctions are denied, and Glassman's Second Motion to Strike and Seal is denied. A separate order will be issued.

**Dated: Brooklyn, New York**
      **August 15, 2019**

                                                **Carla E. Craig**
                                    **United States Bankruptcy Judge**